UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORTH PITTSBURGH POWER HOUSE
d/b/a ALLEGHENY ATHLETIC CLUB,
DAVID BROWN and LISA BROWN,

    Plaintiffs,
v.                                                CASE NO: 8:05-cv-2131-T-26MAP

HORIZON BANK,

    Defendant.
                                          /

## O R D E R

Before the Court is Defendant's Dispositive Motion for Summary Judgment, Statement of Undisputed Facts, and various exhibits (Dkts. 23 & 24), and Plaintiff's Response with attachments. (Dkt. 28). After careful consideration of the submissions of the parties and the entire file, the Court concludes that summary judgment should be denied.

**Background**

In the two-count Amended Complaint, Plaintiffs sue the Defendant bank for breach of contract and negligence allegedly committed by permitting one of Plaintiffs' employees, Jason McCracken, to withdraw funds from a company bank account. (Dkt. 11). Plaintiff David Brown served as president of North Pittsburgh Power House, and Plaintiff Lisa Brown served as its vice president and secretary. Lisa Brown initially opened a business account with Defendant bank on March 15, 2002, in the name of Allegheny

Athletic Club, a registered name for North Pittsburgh Power House. She asserts that only herself and David Brown were authorized signatories for the account as noted on the executed signature card. Nevertheless, Defendant permitted Jason McCracken to alter the original signature card by adding his signature as "Treasurer/Owner" and then withdrawing approximately $230,000.00.

**Analysis**

Defendant contends that no genuine issues of material fact exist because the record makes it clear that Plaintiffs expressly gave Jason McCracken signatory authority on the Alleghany account. Most important, Defendant asserts that the facts in the record show that (1) McCracken possessed signatory authority at Plaintiffs' direction, (2) the balance of the Allegheny account never exceeded $11,900.00, (3) no single withdrawal came close to $230,000.00, and (4) if the bank bestowed a new "power" on McCracken, this power created no unique ability to harm Plaintiffs. With respect to damages, Defendant asserts that Plaintiffs cannot recover the "balance" of the Allegheny account as being all the money that ever passed through it without regard to deposits of income from the business and payments of operational costs of the business. To the extent Plaintiffs seek recovery of expenses incurred as a result of McCracken's alleged thievery, Defendant argues there is no legal theory entitling them to lease payments for their business, credit card transactions to McCracken, loan payments, start-up costs, travel costs, child care, and attorney's fees for the case filed against McCracken in state court.

Plaintiffs respond that two material factual disputes exist which preclude entry of summary judgment.  First, Lisa Brown knows that when she executed the signature card, Jason McCracken's signature was not on the card.  On the other hand, Sheri Schultz, Vice President of the Defendant bank, according to Plaintiffs, states in her affidavit that the signature card is signed by McCracken and was properly executed by him to allow him the authority to deposit and withdraw funds on the account.  The affidavit of Ms. Schultz on file with the Court, however, makes no mention of this fact.[1]  Moreover, the alleged contradictory sworn statement made by the now deceased employee of Defendant bank who permitted McCracken to sign the signature card on the account at a later date, is not a part of the court record.  Thus, taking the only evidence before this Court— the statements in the sworn victim's affidavit submitted by Lisa Brown— as true, the Court cannot enter summary judgment for Defendant.[2]

Glaringly missing from any memorandum of law filed by either side is any relevant case law addressing the causes of action for breach of contract and negligence against Defendant.  The burden of establishing summary judgment, however, lies with the moving

---

[1] The affidavit on file abruptly stops in the middle of paragraph 10 and fails to contain any signature page, thereby rendering the "affidavit" meaningless for purposes of this proceeding.

[2] The second disputed fact, as asserted by Plaintiffs, involves the apparent or real authority McCracken possessed to withdraw funds from the account.  Plaintiffs attach the Articles of Incorporation which evidence that McCracken did not have the requisite authority.  Plaintiffs, however, cite no case law addressing the relevance of McCracken's apparent authority or how the Defendant bank would be liable.

party which is the Defendant in this case. Based on this record, the Court cannot grant relief to Defendant. Although the Court is unable on this record to enter summary judgment, at the trial of this case, Plaintiffs will carry the burden of proving, at the very least, that the bank wrongfully permitted McCracken to add his name to the signature card, that Plaintiffs did not concede McCracken's authority by words, actions, or the lack thereof, and that the monies withdrawn by McCracken were used for purposes other than the running of the business.[3]

It is therefore **ORDERED AND ADJUDGED** that Defendant's Dispositive Motion for Summary Judgment (Dkt. 23) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on October 19, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3] The allegations of the unsworn complaint in the state court action against McCracken state that Plaintiffs gave McCracken "the authority to write checks on said account to pay business expenses." In Plaintiffs' response in this case, they claim that the account referred to in that case was a payroll account and not the same account as the one which is the subject of this action. Defendant claims that only one account existed for the business. Plaintiffs will need to better explain this blatant discrepancy in the evidence in order to be successful at the trial.